UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIO NOYOLA, | No. 4:16-CV-5041-EFS |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |
| JOHN ROGERS; JEFFREY A. UTTECHT; STEVEN HAMMOND; DAN PACHOLKE; DICK MORGAN; JOHN REIDY; and A DELEON-DURAN, | |
| Defendants. | |

On February 16, 2018, the Court granted Defendants' Motion for Summary Judgment and directed the Clerk's Office to enter judgment in favor of Defendants. *See* ECF No. 116 & 117. Presently before the Court, without oral argument, is Plaintiff Mario Noyola's motion to alter or amend that judgment. ECF No. 120. For the reasons articulated below, Plaintiff's motion is denied.

### I. Legal Standard

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after it is entered. A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT - 1

F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). An amendment of judgment under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the Court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## II. Discussion

Mr. Noyola argues that the Court should amend the judgment against him because "it misunderstood the facts, applied plaintiff's arguments contrary to controlling law and made an improper determination as to the truth and weight of evidence." ECF No. 120 at 3. He further argues that the Court improperly dismissed his claims for injunctive relief as moot, improperly dismissed his claims against Defendants in their official capacities, and improperly concluded that Defendants were protected by qualified immunity.[1] *Id.*

Mr. Noyola has alleged no newly discovered evidence nor has he identified an intervening change in the controlling law. And, after reviewing the record and controlling authority, the Court concludes that it did not clearly err. Moreover, the Court finds that no injustice will result by denying Mr. Noyola's motion.

---

[1] Mr. Noyola also alleges the Court made improper determination as to the "truth and weight" of the evidence. ECF No. 120 at 9. On the contrary, as directed by controlling law, the Court viewed all of the evidence in the light most favorable to Mr. Noyola. *See Scott v. Harris*, 550 U.S. 372, 378-80 (2007). Even doing so, the Court concluded that Defendants were protected by qualified immunity and granted their motion for summary judgment.

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT - 2

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Mario Noyola's Motion to Alter or Amend Judgment, **ECF No. 120**, is **DENIED**.

2. The Court recognizes that Mr. Noyola has expressed a desire to preserve his right of appeal. *See* ECF Nos. 118 & 119. As such, the Court warns Mr. Noyola that pursuant to Federal Rules of Appellate Procedure 4(a)(4)(A) and (a)(1)(A), **Mr. Noyola must file any notice of appeal** of this Order or the underlying judgment **within 30 days of the entry of this Order.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Noyola and defense counsel.

**DATED** this  12th   day of April 2018.

      ___s/Edward F. Shea_
      EDWARD F. SHEA
    Senior United States District Judge